**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Frankie Lee Mcgee, ) | Civil Action No. 5:21-02777-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| Warden of Lieber Correctional Institution, ) | **ORDER AND OPINION** |
| ) | |
| Respondent. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the Court grant Respondent's motion for summary judgment on Petitioner's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. (Dkt. No. 39.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Respondent's motion.

**I.  Background**

Frankie Lee McGee ("Petitioner") is currently incarcerated at Lieber Correctional Institute in the South Carolina Department of Corrections. (Dkt. No. 1 at 1). Petitioner brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based on murder and first-degree burglary convictions. The crimes arise out of the following facts. On the night of May 3, 2009, Temika Ashford was visiting Reverend Tryon Eichelberger at his home in Columbia, South Carolina. When Eichelberger went to investigate a noise from another part of the home Ms. Ashford heard Eichelberger ask, "[H]ow did you get in here?" and heard a "commotion" and "hollering". Ms. Ashford left the home, got in her car, and drove around the block. She returned to the house and saw a man on the porch dressed in a white shirt and jeans, wearing white gloves, and holding a metal pipe. Ms. Ashford called 911.

1

Upon arrival at the home, the police found Eichelberger lying on the floor with a cracked skull, bleeding profusely. Eichelberger died three months later as a result of his injuries. Officers determined a metal tool was used to open Eichelberger's home and a steel rod was found across the street from the home. In addition, officers found a pair of white tube socks about twenty-five to thirty yards away from the steel rood. The socks and rod had blood on them. DNA analysis initially identified the blood on the items as Eichelberger's, but further testing revealed Petitioner's blood on the items as well.

Ms. Ashford gave police a description of the man she saw on Eichelberger's the porch. The police identified one man as matching the description, but Ashford determined the man was not wearing the same clothes as the suspect she saw. Later, Ashford was given photographic line-ups where she found two pictures she believed looked like the suspect. One of the two pictures was Petitioner. She identified Petitioner's picture as the one that most resembled who she saw on Eichelberger's porch. On May 2, 2009, the day prior to the murder and burglary, a tractor-trailor was stolen from a business in Camden, South Carolina where Petitioner lived. The theft was caught on video surveillance and broadcasted by local news. The truck was found the next day about one mile from Eichelberger's home. Petitioner's sister saw the news broadcast, recognized Petitioner, and provided an anonymous tip to Crime Stoppers.

In April 2010, Petitioner was convicted by jury trial for murder and first-degree burglary of Eichelberger and his home. Petitioner was sentenced to 30-years imprisonment on the burglary charge and life imprisonment for murder. (App. 1318). Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals. (App. 1320-36). Petitioner raised the following issues on appeal:

> "1. Did the trial judge err in admitting identification testimony based on a single photo line-up that was unduly suggestive and inherently unreliable?

> 2. Did the trial judge err in admitting evidence in regard to the theft of a truck in Camden when the theft does not meet an exception pursuant to Rule 404(b) and is not sufficiently linked to the charged crime to constitute *res gestae*?"

(App. 1323). The South Carolina Court of Appeals affirmed Petitioner's conviction on April 13, 2014. (App. 1392, 99). Petitioner's counsel filed a petition for a writ of certiorari and raised the following issue:

> "Did the Court of Appeals err in refusing to find that the trial judge erred in admitting identification testimony based on a single photo line-up that was unduly suggestive and inherently unreliable?
>
> (App. 1408). On December 4, 2014, the South Carolina Supreme Court denied the petition.

(App. 1446). Petitioner filed an application for Post-Conviction Relief ("PCR") on May 18, 2014. (App. 1447-54). Petitioner asserted he was unlawfully held in custody due to ineffective assistance of trial counsel. (App. 1449-51). The Court dismissed the petition without prejudice as premature because Petitioner's direct appeal was still pending. (App. 1459-60). On January 13, 2015, Petitioner filed a subsequent PCR application, as amended, on November 2, 2015. He raised numerous ineffective assistance counsel claims as to trial and appellate counsel. (App. 1461-85). A PCR hearing was conducted on August 30, 2017. (App. 1562). On November 19, 2018, the PCR court denied and dismissed Petitioner's PCR application with prejudice. (App. 1563-1605).

The PCR court ruled on the following issues:

> " (1) Counsel was ineffective for not reviewing discovery, specifically the 911 tape and the audio-tape of Tamika Ashford, with [Petitioner] prior to trial;
>
> (2) Counsel should have objected when the Solicitor referenced the forthcoming testimony of Tamika Ashford in her opening statement;
>
> (3) Counsel was ineffective in failing to object to the arrest warrants [Petitioner] was served with because the wrong date for the murder and burglary, May 6th, and not May 3rd and he was never served with the warrants containing the correct date of May 3rd;
>
> (4) Counsel should have objected when the Solicitor argued in her closing argument that:

3

> (a) [Petitioner] caused the head injury to the victim depicted in an autopsy photograph admitted in evidence; (b) [Petitioner] wielded the murder weapon like a baseball bat; and; (c) [Petitioner] committed the crime; and
>
> (5) The State used improper scientific DNA extraction procedures in obtaining Applicant's DNA from inside the white socks admitted in evidence; and
>
> (6) Appellate counsel was ineffective for not raising on appeal the admissibility of T[e]mika Ashford's testimony and the admissibility of stolen truck from Camden, S.C."

(*Id.*). Petitioner's counsel appealed the dismissal of his PCR application. On May 15, 2019, Petitioner's appellate counsel filed a *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) petition for a writ of certiorari in the South Carolina Supreme Court, raising one issue:

> "Whether the PCR court erred in denying relief, where trial counsel failed to object to the assistant solicitor's improper remark during closing argument, where the solicitor argued that Petitioner wielded the murder weapon, a steel rod, like a baseball bat?"

(Dkt. No. 26-11). Petitioner's counsel requested permission to withdraw from further representation. Petitioner filed a *pro se* response on June 7, 2019, where he alleged prosecutorial misconduct and claimed he was actually innocent of the murder and burglary charges. (Dkt. No. 26-12). The South Carolina Supreme Court transferred the petition to the South Carolina Court of Appeals which denied the Petition for a writ of certiorari on August 6, 2021. (Dkt. No. 26-13). The remittitur was issued on August 27, 2021. (Dkt. No. 26-14).

This petition followed on August 27, 2021. (Dkt. No. 1). Petitioner asserts the following grounds for federal habeas relief pursuant to 28 U.S.C. § 2254. Ground One: "D.N.A. unlawful extracting procedures used 1 year later on socks." (Dkt. No. 1 at 5). Petitioner raises dozens of issues in an eight-page typed attachment to the petition that includes several additional grounds identified as (1), (2) (a)- (o), (3)(a), 4(a), (5), (6), (7), (8), (9), (10), (11), (12)(a)-d), (13), (14), (15), (16), (17), (18), (19). (Dkt. No. 1-1 at 1-6). The typed attachment cites claims alleged in his amended PCR application. (*Id.* at 7) (numbers one through five), along with the claims Petitioner proceeded on and offered evidence on at his PCR hearing. (*Id.* at 7-8) (numbers one through six).

4

Petitioner includes an eleven-page handwritten attachment to the petition that raises multiple additional issues. (*Id*. at 9-20). Respondent moves to dismiss the petition on summary judgment. The Magistrate Judge recommends granting summary judgment, to which Petitioner objects. (Dkt. Nos. 41; 42; 43). Respondent filed a reply to the objections. (Dkt. No. 44).

## II.   Legal Standard

### a. Magistrate Judge

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### b. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining

5

whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### c. Federal Habeas Petition 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain federal habeas relief only if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there

was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The petitioner "must present his claims to the state's highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)), which requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). Rather, for a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must

7

"demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III.   Discussion

Having conducted a *de novo* review of the record in light of Petitioner's objections to the R & R (Dkt. Nos. 41, 42, 43), the Court finds the Magistrate Judge accurately applied the applicable law to determine that Respondent's motion for summary judgment should be granted. (Dkt. No. 39). The Court will first discuss claims that are procedurally-barred and then discuss remaining claims on the merits.

#### a.  Procedurally-Barred Claims

Petitioner asserts the following grounds for relief. Ground One: "D.N.A. unlawful extracting procedures used 1 year later on socks." (Dkt. No. 1 at 5). Petitioner raises dozens of issues in an eight-page typed attachment to the petition that includes several additional grounds identified as (1), (2) (a)- (o), (3)(a), 4(a), (5), (6), (7), (8), (9), (10), (11), (12)(a)-d), (13), (14), (15), (16), (17), (18), (19). (Dkt. No. 1-1 at 1-6). The typed attachment cites claims raised in his amended PCR application. (*Id.* at 7) (numbers one through five), along with the claims Petitioner proceeded on and offered evidence on at his PCR hearing. (*Id.* at 7-8) (numbers one through six). Petitioner includes an eleven-page handwritten attachment to the petition that raises multiple additional issues. (*Id*. at 9-20).

In Petitioner's direct appeal, the South Carolina Court of Appeals ruled on the following grounds:

> "(1) Did the trial judge err in admitting identification testimony based on a single photo line-up that was unduly suggestive and inherently unreliable?
>
> (2) Did the trial judge err in admitting evidence in regard to the theft of a truck in Camden when the theft does not meet an exception pursuant to Rule 404(b) and is not sufficiently linked to the charged crime to constitute *res gestae*?"

8

(App. 1396-1399). The PCR court ruled on six issues as follows:

> " (1) Counsel was ineffective for not reviewing discovery, specifically the 911 tape and the audio-tape of Tamika Ashford, with [Petitioner] prior to trial;
>
> (2) Counsel should have objected when the Solicitor referenced the forthcoming testimony of Tamika Ashford in her opening statement;
>
> (3) Counsel was ineffective in failing to object to the arrest warrants [Petitioner] was served with because the wrong date for the murder and burglary, May 6th, and not May 3rd and he was never served with the warrants containing the correct date of May 3rd;
>
> (4) Counsel should have objected when the Solicitor argued in her closing argument that:
>
> (a) [Petitioner] caused the head injury to the victim depicted in an autopsy photograph admitted in evidence; (b) [Petitioner] wielded the murder weapon like a baseball bat; and; (c) [Petitioner] committed the crime; and
>
> (5) The State used improper scientific DNA extraction procedures in obtaining Applicant's DNA from inside the white socks admitted in evidence; and
>
> (6) Appellate counsel was ineffective for not raising on appeal the admissibility of T[e]mika Ashford's testimony and the admissibility of stolen truck from Camden, S.C."

(App. 1563-1606).

The Magistrate Judge correctly determined Petitioner's direct appeal claims, to the extent they are raised in his habeas petition, are not procedurally barred. (Dkt. No. 39 at 29). The Magistrate determined the claim raised in Petitioner's *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) petition is not procedurally barred because South Carolina appellate courts review all issued raised to and ruled on by the PCR court under *Johnson*, therefore Petitioners' habeas grounds that were ruled on by the PCR court are not procedurally barred. *Jamison v. State*, 765 S.E.2d 123, 128 (S.C. 2014)).

The Magistrate Judge determined that to the extent the grounds raised in Petitioner's habeas petition were not ruled on by the South Carolina state courts, those issues are not preserved for habeas review and are procedurally barred. (Dkt. No. 39 at 29-30); *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991) (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal

9

habeas review); *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) ("[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court."). Review of Petitioner's habeas grounds that were not addressed in his direct appeal or the PCR Court's order are barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Skyes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1977). The Magistrate Judge comprehensively analyzed whether Petitioner demonstrated cause and actual prejudice, or actual innocence and reasonably found that Petitioner has not shown sufficient cause and prejudice to excuse the default of his habeas claims that were not addressed in his direct appeal or in the PCR Court's order of dismissal. (Dkt. No. 39 at 30). In addition, the Magistrate Judge correctly determined that Petitioner failed to demonstrate a miscarriage of justice by showing he is actually innocent. (Dkt. No. 39 at 30). The Court will proceed to discuss the claims presented in the PCR Court's order of dismissal as the Court may review the majority of those claims on the merits.

### b. Merits Review

As part of his habeas petition, Petitioner includes a list of claims that were addressed on the merits by the PCR court. As these claims are properly before the Court, the Court will analyze them on the merits. (Dkt. No. 1-1 at 7-8); (App. 1563-1606).

### 1. Ground One

In Ground One, Petitioner claims trial counsel was ineffective for failing to review discovery with him prior to trial with emphasis on the 911 tape and the audio tape of Temika Ashford's statement to the police. (Dkt. No. 1-1 at 7). The Magistrate Judge conducted a comprehensive analysis on this issue and correctly determined Petitioner failed to demonstrate the state courts' analysis misapplied clearly established federal law. The record reflects the PCR Court

denied Petitioner's claim at the PCR hearing and found that Petitioner admitted counsel met with him numerous times and reviewed all of the discovery with him. (App. 1579-81). The PCR court found Petitioner testified the 911 tape was lost by Emergency Medical Services prior trial. (*Id.*). Therefore, counsel was not at fault the 911 tape could not be reviewed with him.   Petitioner's counsel testified he could not remember if he allowed Petitioner to review the tape-recorded statement of Ms. Ashford that was provided to the police after the night after the crimes. (*Id.*). At the PCR hearing, Petitioner testified he reviewed with counsel, CD's of at least one recorded statement of at least one witness. (*Id.*). Counsel testified they would have reviewed the audio-tape of Ms. Ashford's interview with police with Petitioner prior to trial and that counsel reviewed the substance of all discovery provided by the State with Petitioner prior to trial. (*Id.*). The PCR court weighed the testimony of each witness with regard to this issue and only found credible the portion of Petitioner's testimony that the 911 tape was lost by EMS prior to his trial. (*Id.*). Further, the PCR court found the testimony of counsel to be credible. (*Id.*). The PCR court's credibility determination is entitled to deference. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be start and clear). The record supports the PCR court's findings and credibility determinations. Petitioner has failed to show the PCR court's decision on this claim was contrary to or involved an unreasonably application of, clearly established federal law. *Williams*, 529 U.S. at 398.

### 2. Ground Two

In Ground Two, Petitioner claims trial counsel was ineffective when he failed to object to the solicitor's reference to Temika Ashford's testimony in her opening statement. (Dkt. No. 1-1 at 7). Petitioner contends trial counsel failed to object to the solicitor's opening statement where she speculated about what happened on the night of the crimes when there was "no police incident

11

report and no witness to testify on the stand to prove the allegations stated by the prosecutor during trial misleading the jury with false statements." (*Id.* at 2, 4). The Magistrate Judge conducted an extensive analysis on this issue and correctly determined that Petitioner failed to demonstrate the state court's analysis misapplied clearly established federal law or that the application of law to the facts was unreasonable. (Dkt. No. 39 at 45-49). When analyzing claims related to improper comments by a prosecutor the relevant inquiry is whether the prosecutors' comments so infected the trial with unfairness so as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The record reflects that the solicitor accurately reflected Ashford's testimony at trial and such testimony did not render Petitioner's trial unfair. The PCR court determined Petitioner's claim had no merit as "opening statements are not evidence" but merely a road map for the jury or an overview of the case or presentation of evidence. (App. 1581-94) (citing *United States v. Dintz*, 424 U.S. 600 (1976); *State v. Brown*, 284 S.E.2d 777 (S.C.1981); *State v. Harris*, 272 S.E.2d 636 (S.C. 1980). When the prosecution refers to facts in its opening statement, there is no error as long as the solicitor introduces evidence to reasonably support statements made in an opening argument. *State v. Kornahrens*, 350 S.E.2d 180 (S.C.1986). The PCR court reviewed Ms. Ashford's testimony and determined it was relevant and admissible because she was an eyewitness and ear-witness to the murder and burglary. (App. 1581-94) The PCR court found Petitioner's experienced trial counsel raised the admissibility of Ms. Ashford's testimony through the appropriate motions. (*Id.*). Petitioner has failed to demonstrate the state court's analysis misapplied clearly established federal law or that the application of the law was unreasonable. *Williams*, 529 U.S. at 410.

### 3. Ground Three

12

In Ground Three, Petitioner claims trial counsel was ineffective for failing to object to or move to quash the arrest warrants he was served with because the warrant had the wrong date for the murder and burglary and Petitioner was never served with warrants containing the correct date. (Dkt. No. 1-1 at 7). The Magistrate Judge comprehensively analyzed this issue to correctly determine that Petitioner fails to demonstrate the state court's analysis misapplied clearly established federal law or that the application of law was unreasonable. (Dkt. No. 39 at 48-49). The record reflects the PCR court analyzed South Carolina state law and found that even if Petitioner was served with an arrest warrant with an incorrect date for the murder and burglary, the subsequent indictment cured any alleged error in the arrest warrant. (App. 1594-1596). The PCR court noted the indictment correctly stated the date of the murder and burglary in the first degree and was sufficient. (*Id.*). A federal court will not review a state court's interpretation of its own law. *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999). Further, Petitioner's counsel explained there were no problems with the indictment in Petitioner's case. (App. 1594-96). Petitioner has failed to demonstrate the findings of the PCR court were contrary to or an unreasonable application of clearly established federal law.

   4. **Ground Four**

In Ground Four, Petitioner claims trial counsel was ineffective for failing to object to the solicitor's closing argument where she argued (a) Petitioner caused the head injury to the victim in the autopsy photo admitted in evidence; (b) Petitioner wielded the murder weapon like a baseball bat; and (c) Petitioner committed the crime. (Dkt. No. 1-1 at 8). The Magistrate Judge comprehensively analyzed this issue to correctly determine Petitioner fails to demonstrate the state court's analysis misapplied clearly established federal law or that the application of law to the facts was unreasonable. (Dkt. No. 39 at 49-53). The PCR court dismissed Petitioner's claim and the

record supports the findings of the PCR court. The PCR court analyzed the record on this issue and found that it is generally permissible for a prosecutor to summarize evidence and present reasonable inferences made therefrom. (App. 1596-99) (citing *State v. Cooper*, 514 S.E.2d 584 (1999); *State v. Raffaldt*, 456 S.E.2d 390 (1995) (solicitor may argue his version of the testimony and comment on the weight to be given to the testimony of the witnesses). The evidence presented included direct testimony and cross-examination that could have supported inferences drawn by the solicitor in her closing argument. (App. 1596-99); *State v. Cooper*, 514 S.E.3d 584 (1999) (the solicitor may argue the evidence in the record and the reasonable inferences from that evidence, especially in a circumstantial evidence case). The solicitor's statements did not "infect [] his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 179 (1982). The Petitioner has failed to demonstrate the findings of the PCR court were contrary to or an unreasonable application of clearly established federal law.

### 5. Ground Five

In Ground Five, Petitioner alleges the State used improper scientific DNA extraction procedures in obtaining Petitioner's DNA from inside the white sock admitted into evidence. (Dkt. No. 1-1 at 8). The Magistrate Judge determined that Petitioner did not raise this issue in his direct appeal and therefore, the claims were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. (Dkt. No. 39 at 54) (citing *Coleman*, 501 U.S. at 722). Further, the Magistrate Judge correctly determined this claim is procedurally barred because it addresses state law errors concerning the admissibility of evidence. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or

14

treatises of the United States.). The Court agrees with the determination of the Magistrate Judge that ground five is procedurally barred from habeas review.

### 6. Ground Six

In Ground Six, Petitioner argues appellate counsel was ineffective for not raising on appeal the admissibility of Temika Ashford's testimony and the admissibility of the stolen truck from Camden. (Dkt. No. 1-1 at 7-8). The Magistrate Judge comprehensively analyzed this issue to correctly determine Petitioner fails to demonstrate the state court's analysis misapplied clearly established federal law or that the application of law to the facts was unreasonable. (Dkt. No. 39 at 55-59). The record reflects that Petitioner's appellate counsel spoke with Petitioner regarding this issue and that he wanted her to raise issues on appeal that would not have been meritorious. (App. 1555-1556). Petitioner's appellate counsel believed Ms. Ashford's testimony was more helpful than harmful because initially Ms. Ashford identified an individual other than Petitioner as the person that was at the crime scene. (App. 1555-59). Appellate counsel stated she selected the two issues for appeal she believed were the most important. (App. at 1560). The PCR court reviewed the testimony of Ms. Ashford as an eye-witness and ear-witness to the murder and burglary and found it was relevant and that appellate counsel was not ineffective for failing to raise the admissibility of such testimony on direct appeal. (App. at 1599-1603); *Hough v. Anderson*, 272 F.2d 878 (7th Cir. 2001). The PCR court found that appellate counsel's testimony was credible and supported by the record and her appellate brief. (App. At 1599-1603). Further, the PCR court found that Petitioner's claim that appellate counsel failed to raise the admissibility of the theft of the truck from Camden was wholly without merit because it was in fact raised on appeal and decided by the South Carolina Court of Appeals adverse to Petitioner. *State v. McGee*, 758 S.E.2d 730 (S.C. Ct. App. 2014). Petitioner has failed to demonstrate appellate counsel's failure to raise

claims related to the admissibility of Ms. Ashford's testimony was objectively unreasonable, or that there was a reasonable probability Petitioner would have prevailed on the claim if raised. (Dkt. No. 39 at 58). Petitioner has failed to demonstrate the findings of the PCR court were contrary to or an unreasonable application of clearly established federal law.

### IV.     Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner's grounds for relief are either procedurally barred with no applicable exception, or that Petitioner failed to show that the PCR court made an unreasonable factual determination or misapplied the *Strickland* standard. Therefore, a Certificate of Appealability is denied.

## V.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 39) as the order of the Court.  Respondent's motion for summary judgment (Dkt. No. 27) is **GRANTED** and Petitioner's § 2254 petition (Dkt. No. 1) is **DISMISSED**.

**AND IT IS SO ORDERED.**


                                                          s/ Richard M. Gergel
                                                          Richard M. Gergel
                                                          United States District Judge


September 30, 2022
Charleston, South Carolina